[Crim. No. 1748. In Bank.—January 14, 1913.]

In the Matter of SMITH McMULLIN, on Habeas Corpus.

PARENT AND CHILD—DIVORCE—CUSTODY OF CHILD AWARDED TO MOTHER—LETTERS OF GUARDIANSHIP ISSUED TO MOTHER—DUTY OF FATHER TO SUPPORT.—Under section 196 of the Civil Code, a father is under no duty of supporting his minor child, after a decree of divorce had been obtained against him in another state upon substituted service of summons, which decree awarded the custody of the child to the mother, without requiring him to contribute to its support, and after the mother had sought and obtained letters of guardianship of the child in this state.

ID.—FOREIGN DECREE OF DIVORCE—SUBSTITUTED SERVICE—VOID MONEY JUDGMENT FOR ALIMONY.—A provision in the divorce decree, purporting to direct the husband to pay the sum of one hundred dollars a month to his wife as alimony, is void, for want of jurisdiction of the person of the husband, and cannot be construed as having been intended in part for the support of the child.

APPLICATION for a Writ of Habeas Corpus directed to the Sheriff of Sonoma County.

The facts are stated in the opinion of the court.

C. D. Dorn, and Phil Ware, for Petitioner.

Clarence F. Lea, G. W. Hoyle, J. W. Ford, and L. Horwitz, *Amicus Curiae*, for Respondent.

THE COURT.—Petitioner alleges that he is unlawfully imprisoned by the sheriff of the county of Sonoma by reason of

an order of a committing magistrate holding him to answer for trial in the superior court for an alleged violation of section 270 of the Penal Code, in failing to furnish his minor child, Juanita McMullin, with necessary food, clothing, shelter, and medical attendance. It appears from the evidence taken at the preliminary examination that petitioner and Emma H. McMullin were husband and wife and the parents of Juanita; that Emma H. McMullin went to the state of Nevada, taking with her said child, and thereafter instituted in that state an action for divorce against this petitioner; that he was personally served with summons in the county of Sonoma, state of California, the place of his residence; that petitioner did not appear in said action; that on March 21, 1910, a decree was given and made by the district court of the first judicial district of Nevada, granting a divorce to said Emma H. McMullin from petitioner, awarding her the custody of her two minor children, and ordering the payment to her of one hundred dollars per month by way of alimony; that thereafter, in 1911, Emma H. McMullin returned to the county of Sonoma and took up her residence there; that in April, 1912, she was appointed guardian of the person and estate of said Juanita; that petitioner did not since the divorce provide his daughter with support, maintenance, or education, except that he paid for her tuition at school and did furnish her with a few articles of necessity; that the mother has been supporting said child; and that said Emma H. McMullin has had the custody of her daughter ever since said divorce.

The question presented to us is whether, after a decree of divorce obtained in another state upon substituted service of summons and granting custody of a minor child to the mother, and after she has sought and obtained letters of guardianship of said child in this state, the father is under the duty of supporting such child. Respondent depends largely upon the principles announced in the recent case of *People* v. *Schlott,* 162 Cal. 348, [122 Pac. 846]. But this case differs in several essential particulars from that. In the Schlott case there was a valid decree of divorce depriving the father of the custody of his child, while requiring him to pay alimony partly for the support of said minor, and it was held that section 196 of the Civil Code had no application to a father who, because

of his own misconduct, had been deprived of the custody of his child but required to pay for the support of said minor. But here, while the decree of divorce had conferred the right to the custody of the minor upon the mother, there had been no order with reference to the payment by the father for the support of his offspring, unless we read such a provision into the decree for the payment of alimony to the plaintiff in that action. Respondent's position is that the amount of alimony ($100 a month) decreed by the court in Nevada shows that that court must have intended a part thereof for the support of the children (there were two) and that the order itself is tantamount to a declaration that the husband must support the offspring of the marriage. We cannot so interpret that part of the decree adjudging that the defendant must pay alimony to his wife, but even if we could do so we are confronted with the fact that, owing to the substituted service upon defendant of the summons in that action, the part of the judgment requiring the payment of alimony cannot be enforced against petitioner. The court that rendered that judgment never acquired jurisdiction of his person. (Code Civ. Proc., sec. 413; *First Natl. Bank* v. *Eastman,* 144 Cal. 487, [103 Am. St. Rep. 95, 1 Ann. Cas. 626, 77 Pac. 1043]; *Pennoyer* v. *Neff,* 95 U. S. 714, [24 L. Ed. 565]; *De la Montanya* v. *De la Montanya,* 112 Cal. 109, [53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345].) In this case we find the mother at the time of the preliminary examination of petitioner, entitled to the custody of her minor child either by virtue of the decree of the court in Nevada or by reason of the issuance to her of letters of guardianship by a court of competent jurisdiction in California. If she is qualified under the former authority, she is required to support the minor because section 196 of the Civil Code provides that, "The parent entitled to the custody of a child must give him support and education suitable to his circumstances"; and there is no valid adjudication equivalent to an order made under a power similar to that granted by section 139 of our Civil Code, by which the husband is obligated to support his progeny while denied their custody. If we attribute her custody of the children to her letters of guardianship, we must read section 196 in conjunction with section 204 of the Civil Code, which declares that the authority of a parent ceases "upon

the appointment, by a court, of a guardian of the person of a child''; and the same result is reached.

The conclusion therefore is inevitable that neither by force of the Nevada decree, nor by force of the California proceedings in guardianship, had a duty to support the children been cast upon petitioner. The Nevada decree dissolved the marriage *status* and fixed the right of custody of the children with the wife while they remained in Nevada. It could do nothing more. To this extent full faith and credit will be accorded to the Nevada decree. Thus it fell within the power of the wife under supplementary proceedings brought in this state with personal service upon the former husband to have procured, if the facts warranted, an award of the custody of the children, with provision for her own and their support. She did not do this, but resorted to guardianship proceedings, under which, in terms, she was awarded the custody of the persons and estates of the minors. The legal effect, then, of both the Nevada decree and the guardianship decree was to give the mother the custody and control of the children, *without* charging upon the husband their support. Under section 196 of the Civil Code this situation *prima facie* relieves the husband of the duty of support and casts it on the wife. If it be said that it is a reproach to our law that a father be thus permitted to escape the paternal duty of aiding in the support of his minor offspring, the answer is that no such reproach attaches. Our law is adequate, but the obvious steps to be taken and which, if taken, clearly would have fixed the father's duty in this regard, and so made him penally liable for his breach of duty, were disregarded. Instead of resorting to appropriate measures, by proceedings under the Nevada judgment, to straighten the legal tangle which now exonerates the husband from the duty of furnishing such support, resort was had to the criminal court, where the only result of success would be to make it impossible for the husband to earn the money with which he could furnish such support.

The petitioner is discharged.