[Civ. No. 2354.  Second Appellate District.—June 15, 1917.]

MABEL R. DAVIES, Respondent, v. WALTER W. FISHER, Appellant.

DIVORCE—AWARD OF CUSTODY OF MINOR CHILD TO MOTHER—NONLIABILITY OF FATHER FOR SUPPORT.—Where in a decree of divorce the father is deprived of the custody of a minor child and no order is made requiring him to contribute toward his or her support, the whole duty of furnishing maintenance to the child rests on the mother.

ID.—OMISSION TO PROVIDE FOR SUPPORT OF MINOR—RETENTION OF JURISDICTION.—Under section 138 of the Civil Code, as amended in 1905, the omission to provide in a decree of divorce that the father of a minor child, whose custody is awarded to the mother, shall support the child, does not deprive the court of jurisdiction to thereafter make such a provision, as under such amendment the court has the right at any time during the minority of the child to make such an order.

ID.—FOREIGN DECREE OF DIVORCE—INDEPENDENT ACTION TO COMPEL SUPPORT—RIGHT OF WIFE.—The mother of a minor child whose custody was awarded to her in a decree of divorce granted in the state of Nevada, and which decree made no provision for the support of the

child by the father, may bring an independent action in this state to compel the father to support the minor, where it is made to appear that both parties are residents of this state and the wife is without means to contribute to such support.

APPEAL from a judgment of the Superior Court of the County of Los Angeles. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Fay R. Robertson, and John Munro, for Appellant.

J. R. Wilder, for Respondent.

JAMES, J.—Plaintiff sought by this action to secure a judgment in part requiring her former husband to contribute to the support of a minor child of the plaintiff and defendant. The court rendered judgment agreeable to the prayer of the complaint as to the maintenance, from which judgment this appeal is taken. The plaintiff's complaint set forth the date of the marriage of the parties in 1894; the fact that they lived together fourteen years, and that for two years last past both had been residents of the state of California and for more than three months had been residents of the county of Los Angeles; that on the 4th of March, 1911, the plaintiff had been granted a divorce from the defendant; and gave the name and age of the child which was the issue of the marriage. In the complaint it was then alleged as follows: ''That said child is in immediate need of money and funds for her care, custody, maintenance, support, and education; that plaintiff has nothing wherewith properly or at all to maintain, or support or educate said child, and plaintiff avers that unless assistance or funds are immediately available to the use and benefit of said minor, to wit, for her maintenance and support she will be compelled to subsist upon the charity of friends or such provision as might be forthcoming from the state, her education abandoned, and this plaintiff will be forced to abandon the care and custody of said child; that plaintiff has no money or means with which to prosecute this action; that said defendant is and at all times herein referred to has been abundantly able to provide means for the proper maintenance, support and education of said child, and defendant does now receive for his salary a sum in excess of $120 per month, . . . '' It

was further alleged that demand had been made upon defendant to furnish money and means for the purposes mentioned and that defendant had refused so to do. The prayer included not only a request for an order for payment of money, both for the maintenance of the child and expenses of suit, but the further prayer was that plaintiff be awarded the care, custody and control of the minor. In the answer of defendant it was admitted that at the date stated by plaintiff in her complaint, plaintiff had been granted a divorce from defendant; and the further statement in the answer was that such divorce had been granted "by default . . . on the ground of desertion." Denials were made meeting the allegations as to the necessities of the child, and as a separate defense it was alleged that shortly after the divorce had been granted to the plaintiff she had married one Davies, and that Davies had received the minor child of plaintiff and defendant into his family and treated said child as his own, and that the child had, after the marriage between plaintiff and Davies, been supported by Davies and the plaintiff. By an amendment to the complaint, the plaintiff set forth the decree of divorce which had been granted to her in the state of Nevada. In this decree it was recited that the court had heard sworn testimony and "proof of service of summons and complaint," and had made findings of fact. Appropriate language to effect a dissolution of the marriage was then set forth, and in conclusion it was ordered "that plaintiff is hereby awarded the care and custody of the minor child named Marion Fisher until the further orders of court." From the record presented it appears that an order to show cause was made herein and that the defendant appeared and testimony was heard respecting the matters in issue, and that such matters being submitted to the court, the order followed directing that defendant pay the sum of $20 per month. None of the testimony heard is brought up for examination. As we gather from the printed record, it would appear that the parties submitted the merits of their case upon the order to show cause, although we fail to find any stipulation or appropriate proceeding taken to necessarily indicate that such was the case. However, the order as finally made has the characteristics of a permanent order—in other words, a final judgment. But whether it be deemed an order or a judgment is perhaps immaterial, in view of the fact that the parties on this appeal in their briefs present the main ques-

tions involved as though a trial had been fully had on the merits. This condition of the briefs furnishes warrant for us to assume that all facts necessary to support the order or judgment were proved, conditioned, of course, upon it now appearing that under the allegations of the complaint and admissions of the answer plaintiff was entitled to any relief. In the decree of divorce granted to the plaintiff in the state of Nevada it is recited that proof of service of summons and complaint was shown to have been made. We will therefore assume, in so far as it is material here, that the Nevada court acquired full jurisdiction over the subject matter and person of the defendant. We then find that the decree, after decreeing that the marriage be dissolved, awarded the custody of the minor child to the plaintiff without making any provision for her support or maintenance. Under such a decree *prima facie* the husband was relieved from liability on account of any claim for the support of that minor child. It is now well-established law of this state that where in a decree of divorce the father is deprived of the custody of a minor child and no order is made requiring him to contribute toward his or her support, the whole duty of furnishing maintenance to the child rests on the mother. This particularly because of the provisions of section 196 of the Civil Code, which provides that "the parent entitled to the custody of a child must give him support and education suitable to his circumstances." (*Selfridge* v. *Paxton,* 145 Cal. 713, [79 Pac. 425], and cases therein cited; *Ex parte Miller,* 109 Cal. 643, [42 Pac. 428]; *People* v. *Hartman,* 23 Cal. App. 72, [137 Pac. 611].) Taking this condition of the law as a basis, counsel for appellant advances one step further and asserts that, admitting that in an action for divorce the court has authority when awarding the custody of a minor to the mother to require the father to contribute to the support of the child (Civ. Code, secs. 138, 139), as the Nevada court, by a decree concededly valid, awarded the custody of the minor in this case to the mother and made no provision for contribution from the father for her support, that decree operated as a final adjudication of the liability of the father and divested him wholly of any further parental obligation in that direction. It was held in *Shattuck* v. *Shattuck,* 135 Cal. 192, [67 Pac. 45], that where a court, acting under section 138 of the Civil Code, in an action for

divorce, failed to make provision requiring the father to support minors whose custody is awarded to the mother, no jurisdiction was retained to thereafter add to or modify the decree in such a way as to impose by a judgment such a duty upon the father. It will be found, however, that section 138 of the Civil Code was amended in 1905, after the decision above cited was rendered, and that that section now gives to the court the right at any time during the minority of the children to make an order against the father for maintenance on behalf of the minors. So it therefore appears that, had the judgment of divorce been rendered in this state, plaintiff would have had the right in the action to move for modification of the judgment and obtain, if the circumstances warranted, precisely the relief that she sought and was given by the order made in this case. Appellant urges, however, that plaintiff has no standing to prosecute this, an independent action, after having had adjudicated all matters involved in the divorce proceeding. But it appears by the affirmative allegations of plaintiff's complaint that both parties to this action are now residents of the state of California. Plaintiff would be powerless to proceed in the Nevada action and obtain the relief demanded, because personal jurisdiction of the defendant could not there be had. We think this proceeding, while perhaps not cast by the allegations of the complaint in the most direct and convenient form, is one which the plaintiff had the right to avail herself of and which is appropriate under the statutes. In the *Matter of McMullin,* 164 Cal. 504, [129 Pac. 773], the court there was considering the obligations of the husband where a decree had been granted in Nevada, but no personal service of summons had been made. The decree there purported to give the custody of a minor child to the mother and awarded one hundred dollars a month as alimony to the plaintiff. Our supreme court held that the decree respecting alimony and the custody of the child could not be enforced in this state because only substituted service of summons was had and no personal jurisdiction of the defendant obtained. The court, however, made this observation: " . . . it fell within the power of the wife under supplementary proceedings brought in this state with personal service upon the former husband to have procured, if the facts warranted, an award of the custody of the children, with provision for her

own and their support. She did not do this, but resorted to guardianship proceedings, under which, in terms, she was awarded the custody of the persons and estates of the minors. The legal effect, then, of both the Nevada decree and the guardianship decree was to give the mother the custody and control of the children, without charging upon the husband their support. Under section 196 of the Civil Code this situation *prima facie* relieves the husband of the duty of support and casts it on the wife. . . . Our law is adequate, but the obvious steps to be taken and which, if taken, clearly would have fixed the father's duty in this regard, and so made him penally liable for his breach of duty, were disregarded. Instead of resorting to appropriate measures, by proceedings under the Nevada judgment, to straighten the legal tangle which now exonerates the husband from the duty of furnishing such support, resort was had to the criminal court. . . . ''

While the supreme court has not intimated as to what the particular form of proceeding should have been in order to enable the wife in California to charge the husband with the support of the children, we think that issues were presented in this case which were in general appropriate to the end sought and of which the superior court had jurisdiction. It may be also of interest to note that in the cases cited, particularly where it was declared that divesting of custody without requirement for support in a divorce action freed the offending parent of obligation to contribute, it was assumed and not contrarily alleged that the wife had means, if she wished so to employ them, with which to care for the minors left in her custody. We apprehend that, regardless of the legal relations between husband and wife after divorce decree limiting or restricting their liability toward each other, support may be enforced in favor of a minor child from the father where the situation is, as this case presents it, that the mother is left without means and is wholly unable properly to care for or educate her child. We feel well satisfied that this proceeding brought in this state, where the complaint, admissions of the answer, and the evidence show the adjudication made in the divorce action in Nevada, and the necessity which has arisen for support to be furnished for the minor, may properly be considered as such a "supplementary" proceeding as is indicated in the *Matter*

*of McMullin,* 164 Cal. 504, [129 Pac. 773], to be available to the plaintiff.

The order is affirmed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 13, 1917.