[Crim. No. 442.   Third Appellate District.—May 9, 1918.]

In the Matter of the Application of LUTHER R. PERRY
for a Writ of Habeas Corpus.

PARENT AND CHILD—AWARD OF CUSTODY TO ONE PARENT—OTHER PARENT
    NOT LIABLE FOR SUPPORT.—Where by a decree of divorce the custody
    of the minor children of the parties is awarded to one of the parents,
    without charging upon the other parent the support of such chil-
    dren, the parent to whose custody the children are so awarded is,
    under the terms of section 196 of the Civil Code, alone liable for
    their support, and the parent not entitled to the custody of the
    minors is relieved of that duty.

ID.—OMISSION TO PROVIDE FOR MINOR CHILD—UNWARRANTED COMMIT-
    MENT.—Where in an action for divorce the custody of the minor
    children of the parties was awarded to the mother, but no provision
    was made in the decree for their support, an order holding the
    husband to answer in the superior court for the alleged violation
    of·section 270 of the Penal Code, and the commitment thereupon
    issued, are void and of no legal force.

APPLICATION for a Writ of Habeas Corpus originally
made to the District Court of Appeal for the Third Appellate
District.

The facts are stated in the opinion of the court.

Francis McInnis, for Petitioner.

Arthur Lindauer, for Respondent.

HART, J.—The petitioner alleges that he is illegally re-
strained of his liberty by the sheriff of Solano County, and
makes this application to this court for a writ of *habeas cor-
pus* to the end that he may be released from such unlawful
restraint.

The petition for the writ alleges that on or about the fourth
day of February, 1918, the petitioner was arrested on a war-
rant issued by one S. A. Cripps, justice of the peace of
Elmira Township, in said county of Solano, upon a complaint
charging petitioner with willfully omitting, without lawful
excuse, to furnish his minor child, Henry Perry, with neces-
sary food, clothing, shelter, etc. (Pen. Code, sec. 270); that
upon said complaint the petitioner was given a preliminary

hearing, and thereupon held to trial in the superior court of said county upon said charge.

It is further alleged that, on the twenty-eighth day of April, 1915, the superior court of the said county of Solano, in an action between the petitioner as defendant and his wife, Grace Perry, as plaintiff, made and entered an interlocutory decree of divorce, wherein and whereby said Grace Perry was adjudged to be entitled to a divorce from petitioner, upon the ground of desertion; that said decree provided, among other things, that the custody and control of the minor children of petitioner and said Grace Perry, to wit, Robert Winchell Perry and Henry Arthur Perry, be awarded to said Grace Perry; that said interlocutory decree of divorce so rendered and entered in said action made no provision whatever for any support of said children; that thereafter, to wit, on the fourth day of May, 1916, the said superior court of the county of Solano rendered and caused to be entered its final decree of divorce, wherein and whereby all the terms of said interlocutory decree "in regard to the custody and control of said minor children were confirmed and ratified"; that "said interlocutory decree of divorce and said final decree of divorce have never been altered or modified in any respect whatsoever, and still are in full force and effect as rendered and entered; that there have never been any proceedings brought under sections 138 and 139 of the Civil Code to require said Luther R. Perry to contribute to the children's support."

Attached to and made a part of the petition is the judgment-roll in the said divorce action.

The sheriff, in his return to the alternative writ, answers: 1. That he holds the petitioner "under and by virtue of his violation of the 'order suspending the imposing of sentence and releasing the defendant (petitioner) on probation,' made by the superior court . . . in and for the county of Solano, on the seventeenth day of July, 1914"; 2. That, further, he holds petitioner by "virtue of a commitment issued by the Hon. S. A. Cripps, justice of the peace of Elmira township, county of Solano, . . . on the fifteenth day of March, 1918, holding to answer upon a charge of failure to provide for his minor child, Henry Perry, the within named defendant (petitioner), Luther R. Perry."

The first of the above-stated grounds upon which the sheriff undertakes to justify the restraint of the petitioner constitutes the basis for the application to this court for the writ of mandate in the case of *People* v. *O'Donnell, post,* p. 192, [174 Pac. 102]. In that case we have considered and determined, adversely to the position of the district attorney, the question which is involved in the first of the two grounds set forth in the return as the authority for the holding of the petitioner by the sheriff, whether the superior court exceeded its jurisdiction in dismissing the motion by the district attorney to set aside the order suspending the imposing of sentence. It follows, therefore, that there is left to us for determination herein the single question whether the restraint of the petitioner by the sheriff by virtue of the commitment issued by the justice of the peace on the fifteenth day of March, 1918, holding petitioner to trial for violating the provisions of section 270 of the Penal Code, is legally justifiable.

The reply to the question thus propounded is not, in view of the many adjudications of the proposition involved therein in California, fraught with serious difficulty.

It has frequently been held that where, by a decree of divorce, the custody of the minor children of the parties is awarded to one of the parents, without charging upon the other parent the support of such children, the parent to whose custody the children are so awarded is, under the terms of section 196 of the Civil Code, alone liable for their support, and the parent not entitled to the custody of the minors is relieved of that duty. (See *Matter of McMullin,* 164 Cal. 504, [129 Pac. 773]; *Lewis* v. *Lewis,* 174 Cal. 336, 340, [163 Pac. 42]). In *Lewis* v. *Lewis, supra,* the McMullin case is stated as follows: "The petitioner had been held for trial for an alleged violation of the same section (section 270) of the Penal Code. There the wife had obtained a divorce in the state of Nevada. The decree granted her the custody of the minor child and required the petitioner to pay for its support. But since there had been no personal service of summons, the Nevada court had no jurisdiction to impose upon him liability to make such payment. The result, as this court viewed it, was that the custody and control of the child had been given to the mother, without charging upon the father its support. 'Under section 196 of the Civil Code,' says the opinion, 'this situation *prima facie* relieves the husband of

the duty of support and casts it on the wife.' The petitioner was discharged from custody.''

In *People* v. *Schlott*, 162 Cal. 347, [122 Pac. 846], the conviction of the defendant under section 270 of the Penal Code was sustained, but in that case it appeared that the decree of divorce required the defendant to pay to his wife the sum of fifty dollars per month for the support of herself *and child*, and the defendant failed to make the payments so required.

In the present case, as we have seen, the decree in the action for divorce between petitioner and his wife awarded the custody of the minor children to the latter, but made no provision whatsoever for the support of said children by the petitioner. From this state of the facts and the cases above referred to, it necessarily results that the order of the magistrate of March 15, 1918, holding the petitioner for trial in the superior court for the alleged violation of section 270 of the Penal Code, and the commitment thereupon issued, are void and of no legal force, and that the sheriff is consequently without legal warrant for holding the petitioner, so far as said commitment is concerned.

From the foregoing and the conclusion arrived at and announced in the case of *People* v. *O'Donnell, supra,* it follows that there is no legal justification for the holding of the petitioner by the respondent, sheriff, and the prisoner is, therefore, discharged from the custody of said respondent.

Chipman, P. J., and Burnett, J., concurred.