[Civ. No. 3727. First Appellate District, Division One.—February 7, 1921.]

## JOSEPHINE MALVICH, Respondent, v. JAMES MALVICH, Appellant.

[1] DIVORCE—MODIFICATION OF FINAL DECREE—PROVISION FOR MINOR CHILDREN—JURISDICTION.—Under the express provisions of section 138 of the Civil Code, the superior court has power after the entry of a final decree of divorce to modify its judgment at any time during the minority of the children of the marriage by providing for their custody, education, and support, even though the judgment may have contained no provision on the subject.

APPEAL from an order of the Superior Court of Humboldt County modifying a final decree of divorce. Denver Sevier, Judge.

The facts are stated in the opinion of the court.

W. Ernest Dickson and Henry L. Ford for Appellant.

H. C. Nelson for Respondent.

KERRIGAN, J.—This is an appeal from an order modifying the final decree in an action for divorce, and is taken on the judgment-roll alone.

Both the interlocutory and final decrees awarded all the community property of the parties to the plaintiff, and made no provision or reservation for the support of the two minor children of the marriage. Six years after the entry of the final decree the court modified it by providing that the defendant should pay to the plaintiff the sum of twenty dollars per month for the maintenance and support of each of said children during minority.

[1] Defendant, in support of his appeal from such order, contends that the final decree having made no provision for the support of the children of the marriage the court was without power to so modify it by placing this burden upon the defendant. We are unable to uphold this contention. In thus modifying the decree the court was acting within its power, according to the settled law in this state.

There was formerly some conflict in the decisions upon this point, but in the case of *Harlan* v. *Harlan*, 154 Cal. 341, [98 Pac. 32], the cases were reviewed and the question put at rest in an able opinion. Since that decision "there can be no doubt of the power of the court which has granted a divorce to modify its judgment at any time during the minority of the children of the marriage by providing for the custody, education, and support of such children, even though the judgment may have contained no provision on the subject. No reservation in the decree itself is necessary to the exercise of this power. The authority of the court rests upon the express provisions of section 138 of the Civil Code, and was ample even before the amendment of 1905 to that section." (*Lewis* v. *Lewis*, 174 Cal. 336, [163 Pac. 42]. See, also, *Davies* v. *Fisher*, 34 Cal. App. 137, [166 Pac. 833].)

The order is affirmed.

Richards, J., and Waste, P. J., concurred.