[Civ. No. 3995. Second Appellate District, Division One.—March 27, 1924.]

## LOUIS RAGGIO, Appellant, v. HAZEL RAGGIO, Respondent.

[1] DIVORCE — JURISDICTION — SUPPORT OF MINOR CHILD—SUBSEQUENT ORDERS. — Under section 138 of the Civil Code, the court has jurisdiction to make orders of allowance for the support of a minor child of the parties to a divorce action, even after the principal decree has become final, and even though the judgment may have contained no provision on the subject of custody, education, or support of the child.

(1) 19 C. J., p. 357, sec. 818.

APPEAL from an order of the Superior Court of Los Angeles County refusing to vacate orders of allowance for the support of a minor child. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Marshall A. Stutsman for Appellant.

C. A. Stice for Respondent.

CONREY, P. J.—In May, 1912, in the superior court of Los Angeles County, an interlocutory decree was entered in this action adjudging that the plaintiff was entitled to a divorce from the defendant. The final decree of divorce was entered on December 15, 1913. Down to and including the final judgment the record contained no mention of the existence of any child of the parties to the action. In April, 1918, pursuant to an order to show cause issued at the instance of the defendant, on application for an allowance for the support of an alleged minor child of said parties, both parties appeared before the court by their attorneys and evidence was received. Thereupon the court ordered that, until the further order of the court, plaintiff pay to the defendant the sum of one dollar per week for the support of "her minor child." In October, 1920, said

1. See 9 Cal. Jur. 807; 9 R. C. L. 483.

parties again appeared before the court pursuant to an order to show cause on an application for increase of said allowance. The parties appeared by attorney and stipulated in open court that said allowance be increased to ten dollars per month "for the use and benefit of the minor son mentioned in the pleadings." In December, 1921, both parties again appeared before the court personally and by attorney on an application for a further increase of said allowance, and by order of the court said allowance was increased to twenty dollars per month "for the support of their minor son." In February, 1922, the plaintiff applied to the court to enter an order vacating said orders made subsequent to the entry of the final decree of divorce. Said application or motion, as nearly as we can ascertain from the record, was based upon the ground that the court was without jurisdiction to make any of said orders subsequent to the final judgment, although it further appears that counsel for appellant was seeking to attack the legitimacy of the child. The child was born on the third day of November, 1912.

This present appeal is an appeal by the plaintiff from the order by which the court refused to vacate said several orders of allowance for the support of said child. If the court had jurisdiction to make those orders, which had become final without any appeal therefrom, it at once becomes clear that there is no merit in this appeal. [1] Section 138 of the Civil Code provides that in actions for divorce the court, during the pendency of the action or at the final hearing *or at any time thereafter during the minority of any of the children of the marriage,* may make orders such as those here in question. Under this section of the code it is settled that the court has jurisdiction to make such an order in a divorce action, even after the principal decree has become final, and even though the judgment may have contained no provision on the subject of custody, education, or support of the child or children. (*Malvich* v. *Malvich,* 51 Cal. App. 303 [196 Pac. 784]; *Harlan* v. *Harlan,* 154 Cal. 341 [98 Pac. 32]; *Lewis* v. *Lewis,* 174 Cal. 336 [163 Pac. 42]; 9 Cal. Jur. 806.)

The order is affirmed.

Houser, J., and Curtis, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 25, 1924, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 26, 1924.