[L. A. No. 8372.  In Bank.—January 16, 1925.]

FEDERAL MUTUAL LIABILITY INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] PARENT AND CHILD—DUTY TO SUPPORT MINOR.—As between parent and child the father is not absolved from his legal duty to provide support to his minor child, who has no other source of maintenance, because, on account of his own fault, the father has been deprived of the custody of such child, as both a legal and moral obligation rests upon a father to support his minor children; nor can said right be taken from the minor by contract between the parents.

---

1.  Duty of father to support child awarded to mother by decree of divorce, notes, 47 Am. St. Rep. 314; 114 Am. St. Rep. 700; 7 Ann. Cas. 903; 12 Ann. Cas. 138; 14 Ann. Cas. 255; Ann. Cas. 1913C, 296; Ann. Cas. 1915D, 813; Ann. Cas. 1918C, 939;  See, also, 9 R. C. L. 480; 9 Cal. Jur. 804.

[2] WORKMEN'S COMPENSATION ACT — DIVORCE — AWARD OF MINOR TO MOTHER—AWARD FOR DEATH OF FATHER.—Where the custody of a minor child is awarded to the mother in an action for divorce and the father ordered to pay the mother twenty-five ·dollars monthly for the child's support and some years after the divorce the father, who had disappeared, reappeared and began visiting the minor and contributing to her support, under the facts the Industrial Accident Commission is justified in making an award to the minor on account of the accidental death of the father, upon the conclusive presumption of total dependency under the terms of section 14a of the Workmen's Compensation Act.

(1) 29 Cyc., p. 1612. (2) Workmen's Compensation Acts, C. J., p. 56, sec. 49.

WRIT OF CERTIORARI to review an order of the Industrial Accident Commission awarding compensation for death. Award affirmed.

The facts are stated in the opinion of the court.

Willis I. Morrison for Petitioner.

W. H. Pillsbury for Respondents.

RICHARDS, J.—The petitioner herein applies for a writ of review whereby it seeks to have a decision and award of the Industrial Accident Commission reviewed and annulled. The petitioner was and is the insurer of Stephens-Adamson Mfg. Company of Los Angeles, which was, at the time of his death, the employer of one Carl C. Nagel, whose daughter Charlotte C. Nagel, a minor, was the applicant for and was granted the award. The facts out of which the present application arose are practically undisputed and are these: Carl C. Nagel and his wife Nanette Nagel, who had been married in 1907, were living in the state of Colorado in 1916, having at that time a daughter seven years old. Nanette Nagel in that year sued her husband for divorce and after personal service upon the latter, and in due course,

2. Who is "dependent" within Workmen's Compensation Acts, notes, Ann. Cas. 1913E, 480; Ann. Cas. 1918B, 479; L. R. A. 1916A, 121, 163, 248; L. R. A. 1917D, 157; L. R. A. 1918F, 483; 13 A. L. R. 686. See, also, 28 R. C. L. 778.

obtained a decree of divorce based upon his misconduct, and whereby it was ordered that the sole care, custody, and control of the said minor child should be and was thereby awarded to the plaintiff, her mother, and that the defendant pay the sum of $25 monthly for the support and maintenance of said minor child until said minor child reached her majority. The plaintiff, after receiving said divorce, continued for some time to reside in the state of Colorado with her minor child, but in the year 1920 remarried and removed to Mexico, where she has since resided, placing her minor daughter at the time in the keeping of Mr. and Mrs. Loftus, the uncle and aunt of said minor, who lived in San Diego, and with whom Charlotte has since resided. Her father Carl C. Nagel disappeared at or about the time of the divorce and made no payments upon the obligation for the support of his minor daughter, who was maintained by her mother while living in Colorado, and by her aunt and mother after she came to reside in San Diego, up to the time when in 1923 the father reappeared and began visiting his daughter and contributing to her support. At that time the father was employed by Stephens-Adamson Mfg. Company in Los Angeles and so continued to be up to April 5, 1924, when he was killed while in such employ and in the course of his employment. The child at the time her father thus resumed his parental relations and obligations toward her was of the age of about fifteen years. She was attending school and the cost of her food, clothing, incidentals, and education was approximately $75 a month. The father from the time he began to visit his daughter began also paying various sums which were applied to her support and which, according to a fair interpretation of the testimony of Mrs. Loftus, amounted to $35 or $40 a month. He also brought or bought her on the occasion of his visits gifts of various kinds and took her out with him and gave her pleasure. The mother also during this time sent contributions toward the girl's support. While these conditions existed Nagel was killed while in the employ of the Stephens-Adamson Mfg. Company on April 5, 1924; and in due course an application for compensation was filed on behalf of his said daughter by her guardian, Mrs. Loftus, an award upon the basis of total dependency being applied for. The Commission, upon the hearing thereon, at which the foregoing facts were adduced, made

an award of $4,900, based upon the conclusive presumption of total dependency under the terms of section 14a of the Workmen's Compensation Act [Stats. 1919, p. 917], which reads in part as follows: "Sec. 14 (a) The following shall be conclusively presumed to be wholly dependent for support . upon a deceased employee. . . . (2) A child or children under the age of eighteen years, . . . upon the parent with whom he or they are living at the time of the injury of such parent, or for whose maintenance such parent was legally liable at the time of the injury, there . being no surviving dependent parent."

The petitioner herein contends that the facts as above set forth furnish no sufficient basis for the application of the conclusive presumption of total dependency provided for in the foregoing section of the Workmen's. Compensation Act. In making this contention it relies chiefly upon certain decisions of this court touching the legal liability of a father for the support of his minor child of whose custody he has been deprived by a decree of divorce in an action instituted against him by the mother of the child and who is by the decree therein awarded the custody of said child. These cases are *Matter of McMullin,* 164 Cal. 504 [129 Pac. 733], *Lewis* v. *Lewis,* 174 Cal. 336 [163 Pac. 42], and *Davies* v. *Fisher,* 34 Cal. App. 137 [166 Pac. 833]. It may be said, however, that while these several decisions have not been directly overruled in so far as they might be applicable to the particular facts or procedure out of which they arose, they have been materially modified in their application to other facts and circumstances more nearly analogous to the facts of the present proceeding and also in their application to proceedings of this character.

In the case of *Sherer* v. *Industrial Acc. Com.,* 182 Cal. 488 [188 Pac. 798], an award had been made to the minor daughter of a deceased employee upon the basis of total dependency. The facts before the Commission showed that the mother of the child had obtained a decree of divorce against her husband, the deceased employee, wherein she had been awarded the custody of the child and the father had been ordered to pay $20 a month for its support. The contention was made in that proceeding that the provision in the decree of divorce requiring payment by the father of a specified sum at stated intervals for the support of the child,

the custody of which was given to the mother, relieved the father from his legal liability for the support of his child, creating in the place thereof an ordinary debt or obligation. This court held that contention to be without merit and further held that when the court in a divorce action had fixed a specified sum for the support of the child, which sum it might vary from time to time in the exercise of a sound discretion, it was competent for the Commission to determine under section 14a (2) of the Workmen's Compensation Act that the father was legally liable for the entire maintenance of the child, particularly where, as in that case, the Commission found that the sum of $20 per month was fully sufficient for the support of the child while thus in the custody of its mother. It may be noted at this point and in relation to the case at bar that at the time of the entry of the decree of divorce by the Colorado court the minor child of the parties was but seven years old and that the implication from the terms of said decree is that the sum of $25 therein provided for the support of the child was fully sufficient for its support, and hence that the court by the terms of said decree imposed upon the father full liability for the support of the child, in which event the doctrine of the foregoing case would have full application to the case at bar.

In the case of *Pacific Gold Dredging Co.* v. *Industrial Acc. Com.*, 184 Cal. 462 [13 A. L. R. 725, 194 Pac. 1], wherein by its decision the Commission had awarded the maximum amount for total dependency to the minor child upon the death of his father, from whom his mother had some years previous obtained a decree of divorce for the father's misconduct, wherein she had been awarded the exclusive custody of the child, but without any award against the father for its support, and had subsequently disappeared, leaving the child in an orphanage, this court held that while the father might by such decree be temporarily, and, as between himself and the mother, relieved of his legal duty to support the child while it remained in the custody of the mother, his obligation in that regard might be reassumed by his voluntary contributions toward the support of the child, indicating his resumption of his legal and moral responsibility for the support of his dependent child. [1] This court

further said: "We find no authority for holding that, as between parent and child, the father is absolved from his legal duty to provide support to his minor child who has no other source of maintenance, because, on account of his own fault, he has been deprived of the custody of such child. Both a legal and moral obligation rests upon a father to support his minor children. And while, as between himself and third parties, that obligation may be shifted in proceedings of divorce or guardianship, and he may by misconduct forfeit his right to the custody of his child, it may be doubted if by such proceedings, to which he is not a party, a minor can be deprived of his natural right to turn to his father for maintenance, if the substituted source of supply fails. It has been held that such right to look to a father for maintenance cannot be taken from the infant by contract between the parents (*Fernandez* v. *Aburrea,* 42 Cal. App. 131 [193 Pac. 366]), and it certainly would be a reproach upon the law if a father, by his own misconduct making him an unfit custodian of the child, could absolve himself from legal responsibility for its support. He, at least, may voluntarily resume his legal responsibility."

In the case of *Llewellyn Iron Works* v. *Industrial Acc. Com.,* 191 Cal. 28 [214 Pac. 846], this court approved the doctrine enunciated in the case last above cited, giving application of its principles to a case wherein there had been a decree of divorce between the father and mother of the child, wherein its custody and control had been awarded to the mother without any provision in the decree for the support of the child by the father. The court held that the attitude and conduct of the father toward the child in buying clothing for it, in making certain payments on account of its support, in having the child in his company at week-ends and on other occasions, in engaging the services of a doctor to correct deficiencies in the eyes of the child, were sufficient to justify the Commission in finding that the father had voluntarily resumed his parental relations and obligations to the child, even though the mother had the custody of the child and was assisting to support it and herself by her labors; and that under such circumstances the relations of parent and child had been restored and the condition of dependency

existed at the time of the father's death as though it had never been disturbed.

In the case of *Svoboda* v. *Superior Court,* 190 Cal. 727 [214 Pac. 440], this court had occasion to further review and reconsider the cases above referred to upon which the petitioner in the instant proceeding chiefly relies. That was a proceeding wherein the superior court of the county of Alameda, sitting as a juvenile court, required the father of a minor child to pay a certain sum monthly to the county in order to reimburse it for the expense of the support of the minor child at the Preston School of Industry, to which said minor had been committed as a ward of said court. The father undertook by his application for a writ of review to have annulled the order of said court made in that behalf, alleging that by a decree of divorce theretofore made and entered against him and in favor of his wife, the child's mother, the custody of the child had been taken from him and awarded to its mother without the imposition in said decree of any obligation upon him for the support of the child. He relied therefore upon the foregoing cases of *Lewis* v. *Lewis, supra,* and *Matter of McMullin, supra,* as absolving him from his legal liability for the further support of the child. This court, however, held that these cases were not to be given such effect and that the better rule was that announced in the case of *Pacific Gold Dredging Co.* v. *Industrial Acc. Com., supra,* as above quoted, and should be given application to the facts of that case.

[2] The effect of the foregoing decisions, when applied to the facts of the proceeding before us is to give full support to the finding of the Commission that a case had been presented to which the provisions of section 14a of the Workmen's Compensation Act, creating a conclusive presumption of total dependency in favor of the minor child of the deceased employee of the Stephens-Adamson Mfg. Company, of which the petitioner herein was the insurer, could be given application. Whether such conclusion is based upon the proofs of the voluntary resumption on the part of the father of his parental relations and obligations to his child, or upon the legal liability for the support of his child imposed by the terms of the divorce decree, or upon the broader ground of the basic legal obligation imposed by law upon a father

to support his dependent child to the end that it shall not become a public charge, the award of the Commission upon either and all of these grounds can be sustained. The fact that the mother of the child, who had committed its custody to other relations and had remarried and· was living in a foreign land and beyond the jurisdiction of our local court, was also contributing somewhat to the child's support is, we think, an entirely immaterial feature of the case.

The award is affirmed.

Waste, J., Shenk, J., Lennon, J., Seawell, J., Lawlor, J., and Myers, C. J., concurred.