[Civ. No. 4850.   Second Appellate District, Division One.—May 24, 1927.]

LAURETTA O. WHITE, Jr., a Minor, Appearing by Her Guardian ad Litem, Lauretta O. White, v. KENNETH WHITE et al., Respondents.

[1] DIVORCE — CUSTODY OF MINOR CHILD — JUDGMENTS—ABSENCE OF PROVISION FOR SUPPORT — LIABILITY OF FATHER—DEPENDENCY OF MINOR—EVIDENCE—ACTIONS.—Where a divorce decree obtained in another state awarded the custody of a minor child to its mother with no provision for its support by the father, a separate action by the child against the father to compel him to furnish support for the child will not lie where there was no evidence that the child was in need of support from the father, but, on the contrary, the evidence was to the effect that the child had adequate independent means of support.

(1) 19 C. J., p. 367, n. 39.

APPEAL from an order of the Superior Court of Los Angeles County in a proceeding to compel payment for the support of a minor child.   Elliot Craig, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Frank C. Prescott and Frank G. Falloon for Appellant.

Wetherhorn, Hoyt & Jones for Respondent.

HOUSER, J.—This is an appeal by plaintiff, as guardian of a minor child, from an order in a proceeding instituted for the purpose of compelling defendant (the father of the child) to pay a certain sum of money for the support of the child.

[1]   It appears that the child is the minor daughter of defendant and his divorced wife; that the divorce between

---

1.   Liability of father for support of child where custody awarded to wife without provision for maintenance, notes, 47 Am. St. Rep. 314; 114 Am. St. Rep. 700; 7 Ann. Cas. 903; 14 Ann. Cas. 255; Ann. Cas. 1913C, 926; Ann. Cas. 1915D, 813; 2 L. R. A. (N. S.) 851; 15 A. L. R. 569. See, also, 9 Cal. Jur. 804; 20 Cal. Jur. 415, 423; 9 R. C. L. 480.

the father and the mother of the child was obtained by the father in the state of Texas, and that without any provision being made in the decree for the support of the minor child of the parties, the court awarded the absolute custody of the child to the wife.

In such circumstances it appears to have been ruled directly by the higher courts of this state that a separate action by the child against the father to compel him to furnish support for the child will not lie. (*Lewis* v. *Lewis,* 174 Cal. 336 [163 Pac. 42]; *Matter of McMullin,* 164 Cal. 504 [129 Pac. 773]; *Ex parte Miller,* 109 Cal. 643, 648 [42 Pac. 428]. See, also, *People* v. *Hartman,* 23 Cal. App. 72 [137 Pac. 611]; *In re Perry,* 37 Cal. App. 189 [174 Pac. 105].)

There is, however, later authority to the effect that because in a divorce proceeding the custody of a minor child of the parties has been awarded to the mother, does not relieve the father from his duty to support the child who has no other source of maintenance. (*Pacific Gold Dredging Co.* v. *Industrial Acc. Com.,* 184 Cal. 462 [13 A. L. R. 725, 194 Pac. 1]; *Svoboda* v. *Superior Court,* 190 Cal. 727 [214 Pac. 440]; *Llewellyn Iron Works* v. *Industrial Acc. Com.,* 191 Cal. 28 [214 Pac. 846]; *Federal Mutual L. I. Co.* v. *Industrial Acc. Com.,* 195 Cal. 283 [233 Pac. 335].)

The rule as announced in the case of *Davies* v. *Fisher,* 34 Cal. App. 137 [166 Pac. 833], is that the mother of a minor child whose custody was awarded to the mother in a decree of divorce granted in a sister state, and which decree made no provision for the support by the father of the minor child, may bring an independent action in this state to compel the father to support the minor child, where it is made to appear that both parties are residents of this state, and the wife is without means to contribute to such support.

On the hearing of the instant matter, which resulted in the order to which exception is taken by appellant, no evidence was introduced which showed that the child was in need of support from the defendant. To the contrary, the evidence was to the effect that the child was a remainderman of a one-fourth interest in an estate of the value of $250,000. Nor, aside from testimony that the wife was the owner

of a one-fourth interest in the "Octagon Drop Forge Co.," was any showing made regarding the financial ability of the wife to provide the child with the necessaries of life.

In the face of the record and the law as hereinbefore noted, it was legally impossible that the relief for which plaintiff prayed be granted.

The order is affirmed.

Conrey, P. J., and York, J., concurred.