ARTHUR LETTS, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92857. Promulgated May 16, 1940.

*Wellman P. Thayer, Esq., T. R. Dempsey, Esq.,* and *A. Calder Mackay, Esq.,* for the petitioner.

*E. A. Tonjes, Esq.,* for the respondent.

**OPINION.**

HILL: The several issues raised here for decision are (1) whether the petitioner is taxable on the income of a trust distributed to his divorced wife where the trust was established pursuant to a pre-divorce agreement by which the petitioner's wife released him from all claims to support and maintenance in return for his establishment of the trust here involved, and (2) whether any part of the income so distributed is taxable to the petitioner because used by the beneficiary for the support of petitioner's children as provided in the trust instrument.

The petitioner urges as an additional contention that if he is taxable on the income of the trust distributed he is entitled to a deduction for compensation paid to the trustee which was disallowed by the Commissioner in computing the net income of the trust.

Our decision on the first point is controlled by *Helvering* v. *Fuller*, 310 U. S. 69, which differs in no material respect from the case presently before us. The significant facts in both cases are that by the terms of the agreement entered into before the divorce the husband was released unconditionally from all obligations to support his wife in return for setting up the trust; that the settlor did not undertake to guarantee or underwrite in any manner either the value of the corpus of the trust after its establishment or the continuance of any given income from the trust; and that the decree of divorce absolving the parties from all rights and claims against each other was final and not subject to any later modification by the court. See also *Tuttle* v. *Commissioner*, 89 Fed. (2d) 112. Cf. *Helvering* v. *Fitch*, 309 U. S. 149; *Helvering* v. *Leonard*, 310 U. S. 80.

We note the slight difference as to the last mentioned point between the *Fuller* case and that one before us now in that the Nevada court in the former mentioned and approved the agreement of the parties in its decree whereas here the decree of the court is barren of any reference to the agreement reached before the divorce or of any provision for alimony. In either case, we think, it is plain that the failure of the decree to reserve any rights of modification deprives the court of all power to subsequently alter the decree, whether or not it makes provision for alimony or approves any agreement entered into by the parties as a rough substitute therefor. The law of Nevada is correctly stated in *Sweeney* v. *Sweeney*, 42 Nev. 431; 179 Pac. 638:

\* \* \* A decree a vinculo is final, and the jurisdiction of the court over the parties is after the expiration of the term at an end; and just as there can be no grant of alimony after such a divorce, so there can be no change in the award of alimony, unless the right to make such a change is reserved by the court in its decree, as it may be, or is given by statute, as it often is. \* \* \* But when there is no such statute (and we have none), and where the decree does not reserve the right to the court (as it does not here) to alter the decree for alimony, no such authority exists. \* \* \* The same is true as to provisions in a final judgment of divorce for the support of children of the marriage. \* \* \*

See also *Lewis* v. *Lewis*, 53 Nev. 398. Cf. *Aseltine* v. *2d. Judicial District Court*, 57 Nev. 269.

On the first point the petitioner is sustained.

The next issue presented—that of the taxability of petitioner on the income of the trust used for the support of his children—poses, first, the question of whether the petitioner had any obligation to supply their maintenance. Under the Civil Code of California, where the children were domiciled with their mother during the years in question, the parent into whose custody the children are given is required to support and educate them:

Obligation of parents for the support of their children. The parent entitled to the custody of a child must give him support and education suitable to his circumstances. If the support and education which the father of a legitimate child is able to give are inadequate, the mother must assist him to the extent of her ability. [*California Civil Code, Sec. 196.*]

This section has been held not to relieve the father in any case from the obligation to support his children where the mother having their custody is unable to support them. *Pacific Gold Dredging Co.* v. *Industrial Acc. Com.*, 184 Cal. 462; 194 Pac. 1; *White* v. *White*, 83 Cal. App. 356; 256 Pac. 579, and cases there cited.

The record does not show that Bessie E. Hann was able to support the children during the taxable years except by means of the amounts paid her from the income of the trust for that purpose. In the absence of any showing to the contrary, we must assume therefore that the support and maintenance of petitioner's children was supplied during the taxable years out of the trust income paid to Bessie E. Hann for that purpose and that the petitioner's continuing obligation under California law to supply the keep of his children, who would have been otherwise without support and maintenance, was thereby discharged. The petitioner is, therefore, taxable on the amounts of trust income used during the taxable years for the support of his two children.

There is no evidence in the record as to the amounts which were actually expended for the two children during the taxable years by Bessie E. Hann out of the trust income paid over to her. We think, however, that the provisions of the trust instrument offer an accurate estimate of the amounts thus utilized. The settlor has provided that one-third of the income of the trust is to be paid in equal shares to his children after they have attained the age of 21 years. This amount reduces by that much the trust income to be paid to Bessie E. Hann commensurate with the obligations of which she is relieved on the coming of age of the children. The same measure is used in setting off a portion of the trust corpus for distribution on the termination of the trust to the heirs or devisees of the two children. We think the parties to the trust instrument have unmistakably indicated that one-third of the trust corpus is in effect set aside for the use of the children, the income from that portion of the principal being paid to the mother of the children for their maintenance during their minority and to them directly after they have attained the age of 21 years and the principal itself being subject to their disposition at death.

We hold therefore that one-third of the trust income paid over to Bessie E. Hann during the taxable years was intended and was used for the support and maintenance of David and Diane Letts. *Murray Brookman*, 41 B. T. A. 557; *Ernestine Mitchell*, 38 B. T. A. 1336.

These amounts are taxable to the petitioner as trust income applied in satisfaction of his continuing obligation to support his minor children.

The final contention of the petitioner is that, if he is held taxable on any part of the trust income he is entitled to deduct compensation paid by the trust to the trustee, taxes, and other miscellaneous expense of the trust, all of which were disallowed by the Commissioner in computing the income of the trust. On this point the respondent must be sustained. The petitioner is taxed on a portion of the trust income not on any theory that the trust is a mere agency and indistinguishable from the trustor's own affairs, but rather for the reason that such portion of the trust income was applied on his obligations and thus represents income to him in that amount. The trust is still a separate taxable entity and entitled to deduct its own allowable expenses. See *Anderson* v. *Wilson*, 289 U. S. 20; *T. Rosslyn Beatty*, 28 B. T. A. 1286; *J. Cornelius Rathborne*, 37 B. T. A. 607; affd., 103 Fed. (2d) 301. Whether or not the Commissioner erred in disallowing these deductions in computing the taxable income of the trust we, of course, do not decide here. In any event, the petitioner is not entitled to such deductions.

*Decision will be entered under Rule 50.*