[No. 3,276.]

## ORPHA WILSON v. WILLIAM WILSON.

ALLOWANCE FOR PART SUPPORT OF CHILD.—If, after a decree of divorce has been granted, and the wife has been awarded the custody of a child, she petitions the Court for an order requiring her former husband to make provision for the support of the child, the Court may make an order of allowance for the past as well as future support of the child.

POWER OF COURT NOT AFFECTED BY STIPULATION OF PARTIES.—If a decree of divorce is entered, and a stipulation of the parties made at the time, that the wife shall receive a sum certain as her part of the common property, and shall have the custody of the infant child, and that such sum shall be in full for her allowance for the support of the child, such stipulation does not deprive the Court from afterwards, on her petition, making her an allowance for the support of such child.

PAROL EVIDENCE.—Parol testimony is not admissible to vary the terms of a decree of divorce, or change the rights of the parties thereunder.

INSUFFICIENT SPECIFICATION OF ERRORS IN STATEMENT.—A general specification in a statement, such as that the Court erred "in entering judgment for the plaintiff," is not sufficient to enable the Court to review errors alleged outside the judgment roll.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

The facts are stated in the opinion.

*W. L. Dudley* and *D. S. Terry*, for Appellant.

The father is not liable for the support of his minor child when the custody of the child is given to the mother on decree of divorce, or otherwise, against his will. Upon this proposition the cases are numerous, and are especially applicable to the present case. (*Barrett* v. *Barrett*, 29 Barb. N. Y. 124; *Pawling* v. *Wilson*, 13 John. 192; *Finch* v. *Finch*, 22 Conn. 411; *Fitler* v. *Fitler*, 9 Casey, 50; *Hanock* v. *Merrick*, 10 Cush. 41; *Chilcott* v. *Trumbull*, 13 Barb. 502.)

We think there is great reason for the conclusion of the Court in *Barrett* v. *Barrett*, that the award of the child to the mother in an action of divorce, carried with it the obligation to support, and relieves the father from that obligation

at the call of the mother; and that the fact that she prays in her bill, and obtains an award, must be presumed to be admission on her part of her willingness to support in consideration of the services and society of the child.

*Byers & Elliott,* for Respondent.

The father not being a proper person to have the care of the child, it became necessary that some one else should have the custody, and to whomsoever the child was committed the father became liable for the support. (*Plaster* v. *Plaster,* 47 Ill. 209.)

Counsel for defendant insist that the Court has no authority to make the order. A glance at the statute of divorce conclusively settles the question of jurisdiction.

The Court may at any time before, at, or after the time of granting the divorce, make an order for the support of the children. (Divorce Act of this State, Sec. 7.)

The Court, in making the order appealed from, exercised its discretion, and in pursuance of the provisions of the statute authorizing such order. Unlike most if not all the cases cited by defendant, it is a proceeding in the original action before the same Court. None of the reasoning in the cases cited by defendant can apply to this case. First—Because it is a proceeding directly authorized by statute; and secondly, were it not for the statute, the facts of the case exclude all idea that the Court ever made any provision for the support of the child, or that the plaintiff assumed the care of the child in any way other than by virtue of the decree of Court based upon the unfitness of the father to have the care of the child.

By the Court, BELCHER J.:

The plaintiff obtained a decree in May, 1869, divorcing her from the defendant, on the ground of extreme cruelty,

and awarding her the custody of an infant son, the fruit of the marriage, and about eleven thousand dollars of the common property.

In August, 1871, the plaintiff presented to the Court below her petition, representing that by the decree of divorce no provision was made for the support, maintenance, and education of the said infant; that the defendant had made no provision for his support, and that though requested by the plaintiff to furnish a reasonable amount for that purpose, he had refused to furnish any means whatever, except a few trifling articles of clothing, of not exceeding ten dollars in value; that she had been compelled to bear the whole expense of his support, amounting to the sum of one thousand four hundred dollars; that the child was sickly, and required the attendance of a physician, and other unusual expenses; and that, as she was informed and believed, the defendant was worth at least the sum of eighty thousand dollars; and praying that the defendant might be cited to appear before the Court, and show cause why he should not be required to pay over to the plaintiff the amount of the expenses already incurred by her in the support, maintenance, and education of the said child, and a further regular periodical amount for that purpose thereafter.

In his answer to the order to show cause the defendant denied that no provision was made for the support, maintenance, and education of the child by the decree of support, but averred that provision for his support and maintenance was made at the time the decree was granted; that " the decree of divorce, and the property secured to the plaintiff thereby, as well as the care and custody of said child, was the result of an agreement and understanding by and between the respective attorneys of the parties thereto, which was approved by the said plaintiff and defendant; that in

and by such agreement and understanding the said defendant was to pay to the said plaintiff, in lieu of, and as and for, her share of the common property, the sum of ten thousand eight hundred and sixty-six dollars, in gold coin of the United States; to have the care and custody of the child, on account of his young and tender years, and that in consideration thereof no claim should ever be made against said defendant for the support, maintenance, or education of said child by the said Orpha, as long as the child remained with his mother."

After hearing the parties, the Court made an order requiring the defendant to pay to the plaintiff for the support, maintenance, and education of the child, the sum of fifteen dollars per month, from the 15th day of May, 1869, to the 15th day of May, 1871, and the further sum of twenty dollars per month thereafter until the further order of Court, and that she have execution for the amount then due under the order, and for her costs, and for the monthly payments thereafter to be made as they should become due.

The defendant appeals, and specifies as error the receiving, against the objections of defendant, of certain testimony offered by the plaintiff, and the refusal to receive, upon the objection of the plaintiff, certain testimony offered by the defendant.

1. The defendant objected to any evidence being received on behalf of the plaintiff as to the cost of past support and maintenance of the child, upon the ground that the Court had no authority in this proceeding to make any allowance for such support and maintenance; and the Court overruled the objection.

We do not think the Court erred in this ruling. Section seven of the Act concerning divorces provides:

"In any action for a divorce the Court may, during the pendency of the action, or at the final hearing, or after-

wards, make such order for the support of the wife, and maintenance and education of the children of the marriage, as may be just, and may at any time thereafter annul, vary, or modify such order, as the interest and welfare of the children may require."

There is nothing in this which limits the authority of the Court to make an order for the future support of the child. So far as we can know, it may have been entirely "just," and for the interest and welfare of the child, that his past as well as future support should be paid for by the defendant.

2. The defendant called as a witness one of the attorneys who had represented him in the divorce case, and offered to prove by him that, before and at the time the decree of divorce was entered, it was mutually understood and agreed between the parties thereto, that the money paid by the defendant to the plaintiff in said suit was ample for the support of herself and child ; that, by such agreement and understanding between them, the defendant was to be at no further charge, or become in any way liable for the maintenance of the minor child as long as he remained in the custody of the mother; that she was to take the care of him, and the expense of his keeping, with the understanding that whenever she chose to throw such duty upon the defendant, she might do so by giving him the custody of the child, and he would then take the care of and provide for him.

The defendant also offered to prove by the District Judge before whom the divorce case was tried, that the judgment therein was rendered in pursuance of an agreement between the parties thereto, which agreement was reported to the Court at the time of entering the decree, and that no evidence was given as to the amount of common property or the fitness or unfitness of either party to take the child, and that the custody of the child was given to the mother pursuant to this understanding and because of tender years.

Upon the objection of the plaintiff the Court excluded all of this offered testimony, on the ground that the decree embodied the agreement between the parties and that no evidence could be introduced to vary its character.

By the decree of divorce which was in evidence the Court found, among other things, that the parties to the action since their intermarriage "have acquired common property in the State of California of the value of about twenty thousand dollars, estimated in gold coin of the United States; that such common property is so mixed up with the separate property of the defendant that it will be impossible to divide the same without great loss and damage to the interest of the parties plaintiff and defendant.  *  *  *  And the said plaintiff having in open Court declared herself willing to accept in lieu of and as for her share of the common property of plaintiff and defendant the sewing machine, bed and bedding in complaint mentioned, her clothing, jewelry, the money she now has, and a further sum in gross, to wit: the sum of ten thousand eight hundred and sixty-six dollars, to be paid to her by defendant in gold coin of the United States. And the said defendant having consented in open Court to such division, and to make such payment to plaintiff in lieu of and as and for her share of such common property."

There is nothing in the decree showing any agreement of parties otherwise than as appears above, and nothing whatever tending to show that any agreement was made in reference to the custody or support of the child.  Nor is there anything showing that the Court intended, in consideration of its award of property to the plaintiff, to charge her thenceforth with his entire support and maintenance.

The finding is brief, that the plaintiff is entitled "to the custody of their child Willie H. Wilson," and the judgment is equally brief, "that the plaintiff have the custody of Willie H. Wilson, the infant son of plaintiff and defendant." And while such is the record in reference to the child, in

reference to the wife it is adjudged and decreed "that from and after the time defendant shall have paid or caused to be paid to plaintiff in gold coin of the United States said sum of ten thousand eight hundred and sixty-six dollars, herein decreed to be paid, he shall be released and forever discharged from all claim of plaintiff on him for her subsequent support and maintenance."

The offer was to show a prior or cotemporaneous parol agreement between the parties, the effect of which would have been to materially vary the terms of the decree and change the rights of the parties thereunder. We know of no rule of law by which this can be done. (1 Greenl. Ev., Sec. 275.)

But whatever may have been the agreement, the Court was not thereby divested of its power afterwards to make such order for the maintenance and education of the child as it might deem just and for his interest and welfare. The statute conferred the authority, and its exercise could not be limited or abridged by the parties.

3. The only other point made by the defendant is that the Court erred "in entering judgment for the plaintiff."

This is not such a specification as the statute requires, and it must, therefore, be disregarded. (*Hutton* v. *Reed*, 25 Cal. 478; *Haggin* v. *Clark*, 28 id. 162.)

We cannot consider the questions, which counsel have discussed, as to whether the Court, in view of all the facts before it, properly exercised its judgment in making the allowance complained of.

Order affirmed.