[No. 18365.    Department One.—July 11, 1895.]

## THE COUNTY OF SAN DIEGO, APPELLANT, v. THE SOUTHERN PACIFIC RAILROAD COMPANY, RESPONDENT.

TAXES UPON RAILROADS—COLLECTION BY STATE — IMPROPER ACTION BY COUNTY—DEMURRER.—Under section 3670 of the Political Code all actions for the collection of delinquent taxes, including county, and city and county taxes, upon railroads operated in more than one county of the state, assessed by the state board of equalization, must be brought by the controller in the name of the people of the state of California; and an action brought in the name of a county to collect the amount apportioned to the county of the taxes assessed by the state board of equalization against the franchise, roadbed, rails, and rolling-stock of

a railroad operated in more than one county is subject to a demurrer upon the ground that the plaintiff is not authorized to maintain the action.

ID.—REPEAL OF ACT OF 1880—EXCLUSIVE REMEDY.—The act of 1883, amending certain sections of the Political Code, and adding new sections thereto, provides a complete and comprehensive scheme or system for the assessment and collection of taxes on the franchises, roadbeds, rails, and rolling-stock of railroads operated in more than one county of the state, and being wholly inconsistent with the provisions of the act of March 23, 1880, which authorized suit in the name of the county, its effect was to supersede or repeal the latter act, in so far as it affects actions to recover taxes upon such railroads, and the remedy by suit in the name of the state, provided in the act of 1883, is specific, and must be held to be exclusive of all others.

APPEAL from a judgment of the Superior Court of San Diego County. W. L. PIERCE, Judge.

The facts are stated in the opinion of the court.

*Attorney General William H. H. Hart,* for Appellant.

The county has a right to sue. (Stats. 1880, p. 136; Pol. Code, sec. 4256; County Government Act, sec. 136.) A tax is a debt for the purpose of collection by the city or county to whom it is due. (*Perry* v. *Washburn,* 20 Cal. 318; *County of Sacramento* v. *Central Pac. R. R. Co.,* 61 Cal. 253; *People* v. *Central Pac. R. R. Co.,* 83 Cal. 399.) A county may sue when it is the only party in interest. (*People* v. *De Pelanconi,* 63 Cal. 409, 410; *San Francisco* v. *Randall,* 54 Cal. 408; *Mendocino County* v. *Lamar,* 30 Cal. 629; *Scollay* v. *Butte County,* 67 Cal. 249; *Hedges* v. *Dam,* 72 Cal. 522, 523; *County of Sacramento* v. *Central Pac. R. R. Co., supra;* Stats. 1883, pp. 299, 329; *San Luis Obispo County* v. *White,* 91 Cal. 432.)

*A. B. Hotchkiss,* for Respondent.

The plaintiff is not authorized to maintain the action, the act of 1880 having been repealed by the act of March 9, 1883, which is evidently intended to revise the whole system for the collection of taxes on railroad property of this kind, and substitute the new system for the old. (*Pierpont* v. *Crouch,* 10 Cal. 315; *Treadwell*

v. *Yolo County,* 62 Cal. 563, 564; *People* v. *Burt,* 43 Cal. 560; *People* v. *Sargent,* 44 Cal. 430.)

Van Fleet, J.—Action to recover the amount apportioned to the county of San Diego of the taxes assessed by the state board of equalization for the fiscal year ending June 30, 1888, against the franchise, roadway, roadbed, rails, and rolling-stock of defendant's railway, a railroad operated in more than one county.

The lower court sustained the demurrer to the complaint, and, plaintiff declining to amend, final judgment was entered against it, from which it appeals.

One of the grounds of demurrer, and the only one that need be noticed, is that plaintiff is not authorized to maintain the action. The action is brought under the supposed authority of an act authorizing the bringing of suits for the collection of delinquent taxes and prescribing a form of complaint therein, passed March 23, 1880 (Stats. 1880, p. 136), which provides: "That any county, or city and county, where such taxes are delinquent, may sue in its own name for the recovery of delinquent taxes, whether the same be for county, or city and county, and state purposes, or taxes, or either of them." In 1883, however, the legislature passed an act (Stats. 1883, p. 65), whereby it amended certain sections of the Political Code and added new sections thereto, wherein it provided a complete and comprehensive scheme or system for the assessment and collection of taxes on the franchise, roadbed, rails, and rolling-stock of railroads operated in more than one county of the state, and repealed all acts or parts of acts in conflict with the provisions thus enacted. The provisions thus enacted place railroads of the kind mentioned in a class by themselves and prescribe a method of assessment and collection of the taxes thereon quite distinct and apart from that applicable to other taxable property. Section 3670, one of the new sections there enacted, provides that: "After the first Monday of February of each year the controller must begin an action

in the proper county *in the name of the people of the state of California,* to collect the delinquent taxes upon the property assessed by the state board of equalization; such suit must be for the taxes due the state, and all the counties, and cities and counties, upon property assessed by the board of equalization, and appearing delinquent upon the 'Duplicate Record of Apportionment of Railway Assessments.' The demands for state and county, and city and county, taxes may be united in one action." It is apparent, as contended by respondent, that by this act the legislature intended to revise the whole system for the collection of taxes on property of this kind and to substitute the new system for the old. The remedy therein provided by suit is specific and must be held to be exclusive of all others. Being wholly inconsistent with the provision of the act of March 23, 1880, which authorizes suit in the name of the county, its effect was to supersede or repeal the latter act in so far as it affects actions to recover taxes of the character in suit. It follows that the demurrer was properly sustained.

Judgment affirmed

HARRISON, J., and GAROUTTE, J., concurred.