[S. F. No. 7850. In Bank.—January 31, 1917.]

## JANE ELLEN LEWIS, a Minor, by RUTH A. LEWIS, Her Guardian ad Litem, Respondent, v. JOHN B. LEWIS, Appellant.

PARENT AND CHILD—DIVORCE—MODIFICATION OF DECREE TO PROVIDE FOR SUPPORT OF CHILD.—Under the express provisions of section 138 of the Civil Code, the court which has granted a divorce has power to modify its judgment at any time during the minority of children of the marriage, by providing for the custody, education, and support of such children, even though the judgment may have contained no provision on the subject. No reservation in the decree itself is necessary to the exercise of this power.

ID.—CUSTODY OF CHILD AWARDED TO MOTHER—LIABILITY OF FATHER FOR SUPPORT—DECREE MUST PROVIDE FOR.—Under the provisions of the Civil Code, when there has been a decree of divorce, and such decree vests the custody of the minor children in the mother, the father is under no obligation to provide for such children any support or education beyond that which may be directed by the court which has granted the divorce, either in its decree or by subsequent modification.

ID.—MODIFICATION OF DECREE DURING MINORITY OF CHILDREN.—The rule that no liability to support a child attaches to a parent who has been deprived of its custody and charge does not mean that the natural duty of a father to provide for his minor child is finally and absolutely terminated by an award of the custody of the child to the mother. Where such an award is made by a decree of divorce, or in an action for custody of children without divorce, the court may provide, at any time during the minority of the children, for their support and education by the father, who is deprived of their custody.

ID.—OBLIGATION OF FATHER MUST BE ENFORCED IN DIVORCE ACTION.— The obligation of the father so deprived of the custody of the child, under a divorce decree which made no provision for its support, is one to be enforced by the court which granted the divorce, and in the divorce action itself. A separate action by the child against the father to compel him to furnish support and education will not lie.

ID.—AGREEMENT OF MOTHER CANNOT LIMIT OBLIGATION OF FATHER.—A contract entered into by the parents of the child, pending the action for divorce, whereby the mother undertook to limit the obligation of the father with respect to the support of the child, does not bar the right of the child to have an order for proper support.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John E. Richards, Judge presiding.

The facts are stated in the opinion of the court.

Herbert Choynski, and James Raleigh Kelly, for Appellant.

C. W. Eastin, for Respondent.

SLOSS, J.—The plaintiff is the minor daughter of the defendant John B. Lewis. Appearing by guardian, she brought this action to compel her father to contribute toward her support and education during her minority. Judgment was given, requiring the defendant to pay to the plaintiff, until the further order of the court, the sum of $15 per month, and also to pay $50 as counsel fees. The defendant appeals from the judgment. The record for review consists of the judgment-roll alone.

The plaintiff is the issue of a marriage between John B. Lewis and Ruth A. Lewis. On July 3, 1911, Ruth A. Lewis obtained a final decree of divorce from the appellant herein. The decree awarded the "permanent and exclusive" custody and control of Jane Ellen Lewis, the plaintiff in this action, to the wife, Ruth A. Lewis. Prior to the making of the decree, the parties to the divorce suit had entered into an agreement which provided, among other things, that the wife should have the custody and control of the minor child, and that the husband should pay to the wife for the maintenance and support of herself and said minor child the sum of $1,050, in installments of $50 per month for five months, and $40 per month thereafter until the whole was paid. The wife waived all other claims against the husband or his estate. These payments had been made in full before the commencement of the present action. It is alleged and found that the plaintiff is without means, is unable by reason of her tender age to maintain, support, or educate herself, that her mother has not sufficient means or earning ability to enable her to adequately provide for the plaintiff, and that the defendant is well able to provide for her. The findings declare that in the judgment of divorce the court reserved to itself no authority to modify the terms of said judgment, and that said court "has now no jurisdiction to alter, modify, or vary the final judgment therein so as to make any other, further, or

CLXXIV Cal.—22

future provision for the maintenance, support, or education of the minor plaintiff herein in said action.''

The conclusion embodied in the language just quoted is not, as a matter of law, to be sustained. Since the decision in *Harlan* v. *Harlan*, 154 Cal. 341, [98 Pac. 32], there can be no doubt of the power of the court which has granted a divorce to modify its judgment, at any time during the minority of children of the marriage, by providing for the custody, education, and support of such children, even though the judgment may have contained no provision on the subject. No reservation in the decree itself is necessary to the exercise of this power. The authority of the court rests upon the express provisions of section 138 of the Civil Code, and was ample even before the amendment of 1905 to that section. (*Harlan* v. *Harlan*, 154 Cal. 341, [98 Pac. 32].)

Section 196 of the Civil Code provides that ''the parent entitled to the custody of a child must give him support and education suitable to his circumstances. . . . '' Section 203 of the same code declares that ''the abuse of parental authority is the subject of judicial cognizance in a civil action brought by the child, or by its relative within the third degree, or by the supervisors of the county where the child resides; and when the abuse is established, the child may be freed from the dominion of the parent, and the duty of support and education enforced.'' Section 206 states that ''it is the duty of the father, the mother, and the children of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability. . . . '' These are the sections upon which both parties have put the main stress of their argument, and it will not be necessary, for present purposes, to refer specifically to the many other sections of the Civil Code dealing with the subject of custody and support of children.

Under familiar rules of construction, the various statutory provisions are to be read together, and effect must be given to each, so far as this may fairly be done. Section 203 provides a remedy for parental abuse and for enforcing the duty of support and education. It does not, however, define the nature and extent of the duty thus to be enforced. Section 206 does declare or establish a duty or obligation. This duty runs in favor of adult children (*Paxton* v. *Paxton*, 150 Cal. 667, [89 Pac. 1083]), but it may well be questioned whether

the provision is intended to declare the duties of parents to their minor children. On the other hand, sections 203 and 196 are clearly limited in their application to minor children, as are numerous other sections like 136, 137, 138, 139, 199, and 207, all of which use the word "child" or "children" without the qualifying adjective "minor." (See *Anderson* v. *Anderson*, 124 Cal. 48, [71 Am. St. Rep. 17, 56 Pac. 630, 57 Pac. 81].) But it is not important to decide here whether the obligation defined in section 206 is one owing to minor children. As a general proposition, no one would doubt that parents are under an obligation to support their minor children. This duty rests on fundamental natural laws and has always been recognized by the courts in the absence of any statute declaring it. Even if section 206 be taken as covering the case of minor children, its general terms are modified and controlled by the more specific provisions of section 196. And section 196, in its turn, is limited by the provisions of sections 137, 138, and 199, under which the court may give the custody of minor children to one of the spouses, and impose the burden of support on the other.

Interpreting and applying the several provisions of the code, the decisions of this court are clear to the effect that when there has been a decree of divorce, and such decree vests the custody of the minor children in the mother, the father is under no obligation to provide for such children any support or education beyond that which may be directed by the court which has granted the divorce, either in its decree or by subsequent modification. In *Ex parte Miller*, 109 Cal. 643, 648, [42 Pac. 428], Temple, J., in a concurring opinion, used this language: "When a parent is deprived of the custody of his child, and, therefore, of the right to its services and earnings . . . , he is no longer liable for its support and education. This is true as a general proposition of law, and it is recognized by our code. Section 196 of the Civil Code provides that a parent entitled to the custody of a child must give him support and education suitable to his circumstances, plainly implying that the parent does not owe that duty to a child when he is not entitled to its custody." In *Selfridge* v. *Paxton*, 145 Cal. 713, 716, [79 Pac. 425], the court quotes sections 196 and 207 of the Civil Code, and says: "By these sections the duty to support a child, and the liability to the third person for necessaries furnished it, are

clearly confined to a parent 'entitled to the custody,' of the child, and having it 'under his charge'; and no such liability attaches to a parent who has been deprived of such custody and charge.''

This does not mean that the natural duty of a father to provide for his minor child is, under our law, finally and absolutely terminated by an award of the custody of the child to the mother. Where such an award is made by a decree of divorce, or in an action for custody of children without divorce (Civ. Code, sec. 199), the court may, as we have already pointed out, provide at any time during the minority of the children for their support and education by the father, who is deprived of their custody. That is what was meant, and all that was meant, by the statement in the opinion in *Harlan* v. *Harlan*, 154 Cal. 341, [98 Pac. 32], that a decree of divorce ''does not destroy the obligation of either parent toward the children.'' The obligation referred to is one to be enforced by the court which granted the divorce, and in the divorce action itself. In the absence of any order for the support and education of the children in the action for divorce, or for maintenance or control of children without divorce (sections 137, 199), the rule declared by section 196 remains, i. e., that the obligation to support the child rests only upon the parent entitled to its custody.

The distinction which we have indicated is well illustrated by two criminal cases recently decided in this court. In each the defendant had been charged, under section 270 of the Penal Code, with willfully omitting to furnish his minor child with necessary food, clothing, etc. In *People* v. *Schlott*, 162 Cal. 347, [122 Pac. 846], the custody of the child had been awarded to its mother by a decree in which she was granted a divorce from the defendant. The decree required the defendant to pay to his wife $50 per month for the support of herself and the child, and these payments the defendant had not made. The holding was that the decree of divorce imposed upon the defendant the obligation of supporting the child, although he had been deprived of its custody, and that his willful failure to comply with this obligation justified his conviction upon the criminal charge. In *Matter of McMullin*, 164 Cal. 504, [129 Pac. 773], (on *habeas corpus*), the petitioner had been held for trial for an alleged violation of the same section of the Penal Code. There the

wife had obtained a divorce in the state of Nevada. The decree granted her the custody of the minor child and required the petitioner to pay for its support. But since there had been no personal service of summons, the Nevada court had no jurisdiction to impose upon him the liability to make such payment. The result, as this court viewed it, was that the custody and control of the child had been given to the mother, without charging upon the father its support. "Under section 196 of the Civil Code," says the opinion, "this situation *prima facie* relieves the husband of the duty of support and casts it on the wife." The petitioner was discharged from custody.

The authorities cited leave no avenue of escape from the conclusion that the judgment here appealed from cannot be sustained. The decree of divorce gave the custody of the plaintiff to the mother and made no provision for plaintiff's support, beyond a requirement for the payment by the defendant of sums which have been fully paid by him. The defendant is therefore under no legal obligation to support the plaintiff. The plaintiff is not, however, without remedy. The court which granted the divorce has full power to modify its decree by making such orders as may be just and proper in view of the conditions shown to exist at the time application may be made to it. The agreement of the mother that she would not ask any allowance beyond that heretofore paid her cannot bar the right of the child to have an order for proper support. "The statute conferred the authority, and its exercise could not be limited or abridged by the parties." (*Wilson* v. *Wilson,* 45 Cal. 399, 405.) Any proper modification of the decree of divorce, in the interest of the child, might be ordered on the application of the mother herself, even though she had agreed that the father should not be required to contribute further. (*Wilson* v. *Wilson,* 45 Cal. 399; see, also, *Parkhurst* v. *Parkhurst,* 118 Cal. 18, 22, [50 Pac. 9] ; *Black* v. *Black,* 149 Cal. 224, [86 Pac. 505].) The suggestion that the mother might fail to seek provision for the child in the divorce action does not seem to have a very direct bearing here, since the mother is the guardian representing the minor in this action. But if the mother should fail to pursue the remedy, we do not doubt that the child's interest is such that the power to make adequate provision for it may be invoked by a proper representative of the

child itself, or may be exercised by the court of its own motion. (*Ex parte Gordan,* 95 Cal. 374, [30 Pac. 561].)

The judgment is reversed.

Shaw, J., Melvin, J., Henshaw, J., Lorigan, J., Lawlor, J., and Angellotti, C. J., concurred.