[L. A. No. 13564. In Bank.—September 27, 1932.]

NELLE C. DIXON, Respondent, v. WINFIELD EUGENE DIXON, etc., Appellant.

West & McKinney for Appellant.

Hugh A. McNary for Respondent.

PRESTON, J.—Plaintiff, alleging her indigence, as well as that of her adopted daughter, in this action sued her former husband for the support of said daughter, a minor, born on February 24, 1912. Defendant resisted the action, denying adoption of the daughter and further pleading that in the year 1919 plaintiff secured from him in the state of

Oklahoma a divorce upon grounds of cruelty, by which decree the custody of said daughter was awarded to plaintiff and defendant was required to pay plaintiff certain sums for the support and maintenance of said daughter until she reached the age of eighteen years, which is a majority in that state; that she reached that age prior to the filing of this action and that he faithfully observed the order of the court of Oklahoma with respect to such maintenance, thus being relieved from any further liability for her support.

The facts are that about the year 1922, plaintiff and the daughter removed to California and subsequent to that date defendant also took up his residence in this state. The indigence of the mother and daughter is conceded and the ability of the defendant to respond to the order of the court is also apparent.

Upon trial of the cause the court found against the defendant on all issues and ordered payment by him of the sum of $75 per month for the support and maintenance of said daughter, to which was added the sum of $150 as counsel fees and $23.15 as costs. From the judgment so entered, defendant has appealed.

Since the recasting of section 270 of the Penal Code by the act of 1923 (Stats. 1923, p. 592), the failure of a father to provide necessary support and maintenance for his minor child has been a criminal offense. This is true regardless of agreements, property settlements, decree of divorce or decrees respecting custody or maintenance of the minor, affecting the husband and wife. All doubt or confusion on this subject has also been settled by recent decisions of this court. (*Federal Mutual etc. Co.* v. *Industrial Acc. Com.*, 195 Cal. 283 [233 Pac. 335]; *Southern California Edison Co.* v. *Industrial Acc. Com.*, 92 Cal. App. 355 [268 Pac. 415].) Neither the age of majority in Oklahoma nor the provisions of a decree of divorce in that jurisdiction have any bearing whatsoever on this issue.

The Oklahoma judgment of divorce, however, which decreed the legal adoption of the minor by plaintiff and defendant furnished ample evidence to justify the finding of the court below in this action that the legal adoption of the minor was in fact consummated in 1916. This is true, notwithstanding the production of only fragmentary portions of the adoption record now existing in that state.

The further contention is made that there is no legal sanction for the allowance of suit money or counsel fees in a case of this character. ■ We think, however, that section 137 of the Civil Code, when fairly construed, authorizes such allowance. This section authorizes the wife, where a cause for divorce exists, to sue for her support and that of the minor children and in such an action the court may allow the money necessary for the prosecution of the suit. The fact that the complaint in the present action alleged and the evidence showed that a divorce had already been granted upon a ground allowed by our statutes did not preclude the maintenance of this suit by the wife under said section for support of the child. ■ However, the allowance of attorney's fees in this case was not for future services, but for services already performed and such an allowance is not authorized. (*Loveren* v. *Loveren,* 100 Cal. 494 [35 Pac. 87] ; *San Diego* v. *Southern Pac. R. R. Co.,* 108 Cal. 46 [40 Pac. 1052].)

The judgment is modified by striking from it the allowance of $150 for counsel fees and as so modified it is affirmed without costs on appeal to either party.

Shenk, J., Tyler, J., *pro tem.,* Langdon, J., Waste, C. J., and Curtis, J., concurred.