[Civ. No. 2902.   Fourth Appellate District.—February 21, 1941.]

SHIRLEY DOROTHY FAGAN, a Minor, etc., Appellant, v. JAMES J. FAGAN, Jr., Respondent.

Henry F. Boyen, Frank J. Fontes and Roland Thompson for Appellant.

Rutan, Mize & Kroese and Mason & Windham for Respondent.

GRIFFIN, J.—This is an appeal by the plaintiff and appellant Shirley Dorothy Fagan, a minor, from a judgment in favor of the defendant and respondent James J. Fagan, Jr., after an order sustaining a general demurrer without leave to amend.

The sole question involved on this appeal is whether or not the first amended complaint contained facts sufficient to constitute a cause of action against the defendant and whether or not the lower court erred in refusing permission to file a second amended complaint.

The first amended complaint shows that respondent and his wife were divorced prior to 1933; that there had been born to them the appellant, a daughter; that the divorce was obtained by the mother in the state of Nevada; and that by the divorce decree the mother was given custody of appellant and respondent required to pay $50 per month for her support. By implication it appears that respondent complied with this order for several years. The mother died in the year 1933, and the child went to live with her grandparents, one of whom is now her general guardian.

In 1938, a petition for appointment of appellant's grandmother as her general guardian was filed and in that proceeding appellant nominated her grandmother as such guardian and the respondent contested the proceeding. It resulted in the appointment and qualification of the grandmother as the general guardian in accordance with the petition and nomination by appellant. This status and relationship existed at the time of the commencement of this action.

The second amended complaint, proffered for filing and refused, contained similar allegations to the amended complaint and the additional allegations: "That at the time of the appointment of plaintiff as guardian of the person of said minor, and for a long time prior thereto, defendant had been guilty of parental abuse of authority in failing, neglecting and refusing to pay for the support and maintenance of his said minor child and had been and was guilty of abandoning his child without cause or justification (which fact it is alleged the court found to be true) . . . Defendant is not a fit or proper person to have the care, custody or control of said minor child; said minor child was justified in refusing to live at defendant's home and in nominating said Dorothea Gebhardt as the guardian of her person; and that by reason of said conduct said minor child has, at the time of said nomination and appointment of Dorothea Gebhardt the guardian of her person and for a long time prior thereto had been, and was, entitled to be free from the domination of said defendant; . . . that said minor does not have any estate or any property . . . and is wholly dependent

upon said grandparents for her support . . . that the defendant, the father of said minor, has real and personal property of the value of $15,000 and upwards and has income in excess of $5000 per year and is financially able to support, care for and maintain said minor''.

Respondent concedes that should this court reverse the trial court on the appellant's first point then the second amended complaint should be allowed filed as against objections made in the trial court, but reserving to the respondent his right to demur specially and to move to strike out any objectionable or redundant matter contained therein.

The question presented is this: May an impoverished and dependent minor over 14 years of age, having nominated one, other than its parent, as general guardian, and while still the ward of such a general guardian, maintain an action against its parent (who is admittedly financially responsible) under section 203 of the Civil Code of the State of California, or any other section, for freedom from parental authority and for support? It was the respondent's contention, and the lower court ruled, that a parent deprived of the custody of a child by the appointment and qualification of another as its general guardian, is relieved of the duty of supporting such child, and that a father who has lost the custody of a child is not liable nor responsible for its support.

Appellant admits that this contention is supported in part by some of the earlier decisions of our higher courts such as the cases of *Selfridge* v. *Paxton,* 145 Cal. 713, 715 [79 Pac. 425], and *Calegaris* v. *Calegaris,* 4 Cal. App. 264 [87 Pac. 561], but contends that most of the earlier cases mentioned have been overruled or modified, and that it is well settled in this state that a father who has lost custody of his minor child, either by divorce or guardianship proceedings, is still responsible for its support, maintaining that the duty of a parent to support a minor child is contained in the following sections: Sections 138 and 203 of the Civil Code; section 270 of the Penal Code; and section 3501 of the Labor Code. In support thereof appellant cites *Dixon* v. *Dixon,* 216 Cal. 440, at p. 442 [14 Pac. (2d) 497] , *County of Los Angeles* v. *Superior Court of Alameda County,* 128 Cal. App. 522 [18 Pac. (2d) 112], *Guardianship of Michels,* 170 Cal. 339, 343 [149 Pac. 587], *Federal Mut. Liability Ins. Co.* v. *Industrial Acc. Com.,* 195 Cal. 283, 288 [233 Pac. 335], *Svoboda*

v. *Superior Court*, 190 Cal. 727 [214 Pac. 440], sections 1501 and 1504, Probate Code, 20 Cal. Jur., p. 436, section 34, *Southern California Edison Co.* v. *Industrial Acc. Com.*, 92 Cal. App. 355 [268 Pac. 415], *Llewellyn Iron Works* v. *Industrial Acc. Com.*, 191 Cal. 28 [214 Pac. 846] , *Boens* v. *Bennett*, 20 Cal. App. (2d) 477 [67 Pac. (2d) 715] , *People* v. *Schlott*, 162 Cal. 347, 349 [122 Pac. 846]·, and *Ex parte Miller*, 109 Cal. 643 [42 Pac. 428]. Respondent contends that reading sections 196 and 203 of the Civil Code together and construing them together, that the defendant, the father of the child, is relieved of support of the minor, plaintiff in this action; that the only right that can be enforced under section 203 of the Civil Code is the duty of support and education, and for the definition of such duty one must look to section 196 of the Civil Code, citing *Ex parte Miller, supra,* and *Guardianship of Ross*, 6 Cal. App. 597 [92 Pac. 671].

Appellant concedes that under section 1504 of the Probate Code, if a minor having a father living has property, the income of which is sufficient for her support, maintenance and education in a manner more expensive than her father can reasonably afford, regard being had to the situation of the father's family and to all the circumstances of the case, the expenses of the support, maintenance and education of such minor may be defrayed out of the income of her own property, in whole or in part, as judged reasonable, but argues that in the case at bar there is no such situation; that the father is able to take care of his minor child but for some reason known only to himself he refuses to do so and leaves her education to the support and charity of others; that the duty of a father to support and maintain his minor child has been recognized by the courts even in the absence of any statute declaring it.

Respondent contends that the *duty* of a parent to support a minor child is not found in section 203 of the Civil Code; that that section creates the right in a minor child, under proper circumstances, to free itself from an abusive parent and, in connection therewith, enforce the duty of support and education; that the duty of a parent to support a minor child is stated and limited in section 196 of the Civil Code; and that the loss of custody and parental authority upon which the duty to support rests, is defined in section 204 of the Civil Code. The contention that a husband deprived

of the custody of a child is not liable for its maintenance and support receives support in language used in some of the earlier cases. This is particularly true in an action by a third person against a husband who is not entitled to the custody of his child.

*Selfridge* v. *Paxton, supra,* was an action for surgical services performed on a minor child, brought by a third person against a husband and wife who had been divorced and where the custody of the minor child had been awarded to the mother. It was there held that the husband was not liable to the third party under sections 196 and 207 of the Civil Code.

*Calegaris* v. *Calegaris, supra,* involved an order modifying a decree of divorce, directing the defendant to pay $60 per month for the maintenance and support of minor children, where the custody of the children had been previously awarded to the mother. In reversing the judgment the court there held, under the facts related, that the husband was not liable under section 196 of the Civil Code because he had been deprived of the custody of the children, but said:

"If the conditions of the parties had changed materially after the decree, or if the means allowed to plaintiff had been exhausted, or if the circumstances had been such as to call for aid from defendant to assist in the education of the minors, the question would have been different".

In *Lewis* v. *Lewis,* 174 Cal. 336 [163 Pac. 42], it was held that under the express provisions of section 138 of the Civil Code a court which has granted a divorce has power to modify its judgment at any time during the minority of the children of the marriage by providing for the custody, education and support of such children, even though the judgment may have contained no provision on that subject, and that no reservation in the decree itself is necessary to the exercise of this power. In the syllabus it was stated:

"The obligation of the father so deprived of the custody of the child, under a divorce decree which made no provision for its support, is one to be enforced by the court which granted the divorce, and in the divorce action itself. A separate action by the child against the father to compel him to furnish support and education will not lie."

In *Blair* v. *Williams,* 86 Cal. App. 676 [261 Pac. 539], which was an action for nursing care to a child by a third party against the husband, who was separated from his wife

and by a divorce decree was ordered to pay her for the care of herself and child, it was held that under sections 196 and 207 of the Civil Code, the father was not responsible for the support of his children after entry of an order granting custody of the children to the mother, either with or without a provision for their maintenance.

In *Ex parte Miller,* 109 Cal. 643 [42 Pac. 428], in a concurring opinion by Mr. Justice Temple, it was said:

"When a parent is deprived of the custody of his child, and, therefore, of the right to its services and earnings by the summary proceeding, he is no longer liable for its support and education. This is true as a general proposition of law, and it is recognized by our code. Section 196 of the Civil Code provides that a parent entitled to the custody of a child must give him support and education suitable to his circumstances, plainly implying that the parent does not owe that duty to a child when he is not entitled to its custody". And that "In no other case except as provided in section 203 has the court the power to deprive the parent of his authority and yet hold him liable for the maintenance of his child. . . . " (See, also, *Guardianship of Ross, supra.*)

It appears from the later decisions that a distinction has been drawn between a right of action by a minor against a parent brought directly for the support of the minor, and an action by a third party to recover for services performed on behalf of the minor.

In *Pacific Gold Dredging Co.* v. *Industrial Acc. Com.,* 184 Cal. 462, at pages 465 and 466 [194 Pac. 1, 13 A. L. R. 725], the court said:

"It is true that it has been held that a father deprived of the custody of his child in divorce proceedings without requirement that he contribute to its support is not liable to a third party furnishing such child with the necessaries of life . . . but, under section 207 of the Civil Code, third persons seeking such recovery are limited in their right of action to the parent in charge of the minor. It is also held, in *People* v. *Hartman, supra* [23 Cal. App. 72 (137 Pac. 611)], that the defendant was not liable to prosecution, under section 270 of the Penal Code upon a charge of willfully, unlawfully and feloniously failing to furnish necessary food, clothing, shelter, or medical attendance for his infant child. . . . We find no authority for holding that, as between parent and child, the father is absolved from his legal duty to provide

support to his minor child who has no other source of maintenance, because, on account of his own fault, he has been deprived of the custody of such child. Both a legal and moral obligation rests upon a father to support his minor children. And while, as between himself and third parties, that obligation may be shifted in proceedings of divorce or guardianship, and he may by misconduct forfeit his right to the custody of his child, it may be doubted if by such proceedings, to which he is not a party, a minor can be deprived of his natural right to turn to his father for maintenance, if the substituted source of supply fails. It has been held that such right to look to a father for maintenance cannot be taken from the infant by contract between the parents . . . and it certainly would be a reproach upon the law if the father, by his own misconduct making him an unfit custodian of the child, could absolve himself from legal responsibility for its support.''

This holding was affirmed in *Federal Mutual Liability Ins. Co.* v. *Industrial Acc. Com., supra,* and the cited case of *Lewis* v. *Lewis, supra,* was discussed. It was there stated that ''the better rule was that announced in the case of *Pacific Gold Dredging Co.* v. *Industrial Accident Commission, supra'',* and in holding that the father was obligated to support his minor child, said:

''Whether such conclusion is based upon the proofs of the voluntary resumption on the part of the father of his parental relations and obligations to his child, or upon the legal liability for the support of his child imposed by the terms of the divorce decree, or upon the broader ground of the basic legal obligation imposed by law upon a father to support his dependent child to the end that it shall not become a public charge, the award of the commission upon either and all of these grounds can be sustained. The fact that the mother of the child, who had committed its custody to other relations and had remarried and was living in a foreign land and beyond the jurisdiction of our local court, was also contributing somewhat to the child's support is, we think, an entirely immaterial feature of the case.''

In *Svoboda* v. *Superior Court, supra,* the holding in *Pacific Gold Dredging Co.* v. *Industrial Acc. Com., supra,* is preferred to that stated in *Lewis* v. *Lewis, supra.*

In *Watkins* v. *Clemmer,* 129 Cal. App. 567 [19 Pac. (2d) 303], which was an action to recover upon an alleged account

stated for medical and surgical services furnished by the plaintiff to the minor son of the defendant, the services having been performed at the instance of and the bill sent to the mother, who had custody of said minor by a decree of divorce from defendant, the court, after citing *Pacific Gold Dredging Co.* v. *Industrial Acc. Com., supra,* said:

"The later cases follow the *Pacific Gold Dredging* case, wherein it is said: 'We find no authority for holding that, *as between parent and child,* the father is absolved from his legal duty to provide support . . . And while, *as between himself and the third parties,* that obligation may be shifted in proceedings of divorce or guardianship . . . , it may be doubted if by such proceedings, to which he is not a party, a minor can be deprived of his natural right to turn to his father for maintenance, *if the substituted source of supply fails'* . . . It will be readily observed that all these cases deal with the duty of support *as between the minor and his parent,* and not with the duty of support *as between a third party and the parent.*"

One of the most recent cases on the general subject is *Dixon* v. *Dixon,* 216 Cal. 440 [14 Pac. (2d) 497], where the father's obligation to support his daughter had ended in Oklahoma (where a girl attains majority at 18 years of age). She thereafter came to California, where her mother sued the father in the daughter's behalf for the daughter's support. The father was held liable for the daughter's support here until she reached 21. The court said:

"Neither the age of majority in Oklahoma nor the provisions of a decree of divorce in that jurisdiction have any bearing whatsoever on this issue."

The Supreme Court, upholding an order for the child's support, briefly disposed of the case as follows:

"Since the recasting of section 270 of the Penal Code by the act of 1923 (Stats. 1923, p. 592) the failure of a father to provide necessary support and maintenance for his minor child has been a criminal offense. This is true regardless of agreements, property settlements, decree of divorce or decrees respecting custody or maintenance of the minor, affecting the husband and wife. All doubt or confusion on this subject has also been settled by recent decisions of this court." (Citing cases.)

*Foy* v. *Foy,* 23 Cal. App. (2d) 543 [73 Pac. (2d) 618], refers to *Dixon* v. *Dixon, supra,* for authority for the statement that:

"Although a decree of divorce had been previously granted, still the court under said section [137 Civ. Code] could order the husband to support his child." It was also held that "A court of equity in the exercise of its general chancery powers has inherent jurisdiction, independent of statute, to award and control the custody of children . . . [and] may provide for the maintenance of a child pending a determination of its custody." And "The husband's choice of attack by an independent equitable proceeding rather than by a motion in the divorce action is immaterial. . . . "

In *Southern California Edison Co.* v. *Industrial Acc. Com.,* 92 Cal. App. 355 [268 Pac. 415], although involving the provisions of the Workmen's Compensation Act, the facts resemble those in the instant case. The court said:

"Whatever may be said of earlier decisions, it now seems to be the settled rule of law in this state that by no act, conduct, or arrangement of whatever sort may a parent shift from his shoulders the legal responsibility and moral duty to support his minor child. It is an absolute, inalienable right enjoyed by the child which no form of contract between the parents, nor alteration of the domestic status of either of them, may affect. Were the rule to the contrary, it is readily conceivable how a minor child of a rich father (by reason of the divorce of its parents and the subsequent marriage of the mother to a possibly shiftless and impecunious man who, under the law, on taking the child into his household might become legally liable for the maintenance of the child) might be deprived of an education and the bare necessities of life, or even reach such a state of destitution as to become a public charge." (Citing cases.)

In *Ex parte Gordan,* 95 Cal. 374 [30 Pac. 561], the court held that the power of the court in an action for divorce to compel the father to support his minor child does not depend solely upon section 139 of the Civil Code, and whether he is with or without fault in the matters involved in the action, it is his duty to support such child, and the court may compel him to do so, although the child is given to the custody of a stranger to the action.

*Boens* v. *Bennett, supra,* was an action brought under section 203 of the Civil Code by a minor son against his father

for support.  The father obtained a final decree of divorce in the courts of this state, which decree erroneously attempted to award the custody of the minor children residing out of the state, including the plaintiff's son, to the father.  It was appellant's contention that respondent should assert and establish his claim in the divorce case and not by a separate action.  The court there said, at page 484:

"The obligation, both moral and legal, rested upon this defendant father, who brought his minor son from New York to California, to give the latter support suitable to the former's circumstances, and if the court believed, as it had a right to believe, from the evidence, that the father repudiated this obligation and by his conduct cast his son and the responsibility for the latter's maintenance upon others, then it was proper for the court to make an award to a guardian of such sum as was necessary to support the minor child according to the circumstances of the father."

It was further held that section 203 and kindred sections of the Civil Code are part of the substantive law of the state establishing and declaring a legal duty of the parent to maintain and support his children who are within such provisions, and establishing the right in such children to have such maintenance and support and to enforce against the parent such obligation and duty upon the latter's part; that as the duty runs to the children, the latter are the persons to whom the right imposed by the duty accrues; and that they are the proper parties to an action to enforce such right and compel the performance of such duty; that the court having jurisdiction to enforce the provisions of section 203 of the Civil Code, it had the power to make all orders necessary for that purpose, including the order for counsel fees.

■ Our attention has not been called to any statute that makes the guardian of the person personally liable for the support and maintenance of a ward or any provision of the law whereby a minor can legally compel a guardian to support her from the guardian's own funds.  A parent of a minor child is primarily liable for the support of the child.  It is only reasonable that a parent should be compelled to support his minor children, unless legally excused from that burden.  Otherwise they may become public charges.  If it were otherwise, designing parents might wittingly induce some third person to be appointed guardian of their children

and free themselves from the moral and legal liability to support their own children.

In view of the trend of the more recent decisions, we are impelled to hold that an impoverished and indigent minor child may maintain an action to declare herself free from the dominion of the parent for abuse of parental authority, and for support and education, even though her custody has been previously awarded to a guardian of her person. We are unable to conclude that the mere nomination of a guardian, by a child sixteen years old, which nomination is subject to the approval of the court, constitutes a waiver of her claim to future support from her father who has abandoned her.

For the reasons expressed the judgment is reversed with instructions to the trial court to overrule the demurrer and allow the filing of the second amended complaint as proposed, with the right, within a reasonable time, to move to strike and to plead.

Barnard, P. J., and Marks, J., concurred.